WILLIAM R. TAMAYO -- 084965 (CA)
DAVID F. OFFEN-BROWN – 063321 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1560
Telephone:   (415) 625-5652
Facsimile:    (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) Civil Action CV 09 0784 |
|---|---|
| Plaintiff, | ) |
| v. | ) [PROPOSED] CONSENT DECREE |
| UNITED AIRLINES, INC., | ) |
| Defendant. | ) |

### THE LITIGATION

Plaintiff Equal Employment Opportunity Commission (the "EEOC" or "Commission") filed this action alleging that Defendant United Airlines, Inc. ("United") violated Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq. The EEOC seeks relief for a class of employees employed at San Francisco International Airport ("SFO"). The EEOC claims that United's former policy of denying overtime to employees on light or limited duty violated the ADA and injured a group of employees, and further alleges that not allowing Charging Party Samuel Chetcuti to be eligible for overtime was improper under the ADA. United denies that its policy or any of its actions were in any way improper or discriminatory.

CONSENT DECREE

In the interest of resolving this matter, and as a result of comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree. This Consent Decree fully and finally resolves any and all issues and claims arising out of the Charge of Discrimination filed by Mr. Chetcuti and the Complaint filed by the EEOC.

This Decree does not, however, resolve or affect any future charges or charges that may be pending with the Commission other than the Charge of Discrimination specifically referred to in this paragraph. This Decree binds the parties, Mr. Chetcuti, and their present and future representatives, successors, agents, directors, officers, and assigns. United's agreement to, and compliance with, this Decree shall not be construed as an admission by United of any liability whatsoever, or as an admission by United of any violation of the rights of any other party, class member, or individual, or violation of any order, law, statute, duty, or contract whatsoever. On December 9, 2002, United and several affiliated companies filed petitions for relief pursuant to Chapter 11 of Title II of the United States Code (the "Bankruptcy Code"). These cases are being jointly administered under Case No. 02-48191 through 02-48218 (UAL CORPORATION, *et al.*) (the "Bankruptcy Case"), before the Honorable Judge Eugene R. Wedoff in the Bankruptcy Court in the Northern District of Illinois (the "Bankruptcy Court"). Pursuant to Article VIII.B of the Plan, the Reorganized Debtors have the exclusive authority to settle proofs of claims without further notice to or action, order or approval of the Bankruptcy Court. Therefore, this Decree may become binding and enforceable upon full execution by the Parties.

## FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings, records and stipulations of the parties, the Court finds the following:

A. This Court has jurisdiction of the subject matter of this action and of the parties.

B. The terms of this Decree are adequate, fair and reasonable. The rights of the parties and the public interest are adequately protected by this Decree.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CONSENT DECREE                                    2

C. This Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights and privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, the Charging Party, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## DURATION OF DECREE AND RETENTION OF JURISDICTION

1. Unless otherwise noted, all provisions of this Decree shall be in effect (and the Court shall retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years, beginning on the date this decree is filed (hereinafter the "effective date"), provided, however, that on or before the end of the two (2) years period, a party may move the Court to extend the term of the Decree to the extent necessary to address any unfinished matter covered by the Decree. Except as extended by the Court for this purpose, the Decree shall expire at the end of the two (2) years period.

## PROHIBITION AGAINST DISABILITY DISCRIMINATION

2. For a period of two (2) years following the effective date of this Decree, United and its officers, agents, management (including supervisory employees), successors, assigns, and all persons acting in concert with them shall not discriminate against United employees at SFO on the basis of disability regarding eligibility for overtime, as provided in this Decree.

3. The parties acknowledge that the policy that gave rise to this matter is no longer in effect. During the period of two (2) years following the effective date of this Decree, except as otherwise provided herein, United shall not adopt or enforce any policy at SFO that makes a qualified employee with a disability ineligible for overtime work. Nothing in this decree shall prevent United from limiting overtime eligibility on reasonable individual bases for employees with disabilities who are working limited or light duty assignments. Nothing in this Decree shall be construed to require United to violate the terms of any collective bargaining agreement (CBA) as such agreement pertains to overtime assignments.

CONSENT DECREE                                    3

## SETTLEMENT OF CLAIM

4. For the purposes of this Decree, "class member" means any current or former employee of United who was employed between January 2, 1998 and December 31, 2003 at SFO and can demonstrate that he or she was "disabled" within the meaning of the ADA, the restrictions on his or her ability to perform assigned duties for United did not preclude the employee from working overtime, and who was available to work overtime but denied available overtime during the period in which, and because of, United's former policy denying overtime to employees on light or limited duty was in effect. Class members shall be those individuals who submit claims pursuant to this Consent Decree and who sign releases of ADA claims in the form of Exhibit D to this Decree.

5. United agrees to allow Mr. Chetcuti and the class members a general noncontingent unsecured pre-petition claim against its bankruptcy estate in the amount of $850,000.00 ("Settlement Amount") representing monetary damages to Mr. Chetcuti and the class members. No post-petition claims are permitted for any purpose. The EEOC shall determine the share of the Settlement Amount assigned to each claim. The Settlement Amount shall be reasonably distributed pro rata among the claims, with each claim receiving the percent of the Settlement Amount which represents the claim's percent of the total of all claim amounts. United agrees that this sum represents an allowed, general, unsecured pre-petition claim against its bankruptcy estate. Such claims shall be administered, satisfied and discharged in accordance with the terms and conditions of the plan of reorganization that is confirmed in the Bankruptcy Case, and pursuant to the provisions and requirements of the Bankruptcy Code. Such claim shall not enjoy any type of statutory or administrative priority over any other general, unsecured, pre-petition claim in the Bankruptcy Case. Further, upon distribution of the Settlement Amount, United Airlines will direct its official Notice and Claims Agent to expunge the EEOC's Proof of Claims filed on Mr. Checuti's behalf (identified in the Bankruptcy case as Claims No. 39798 and Claim No. 43293).

6. United agrees to mail to all current and former employees employed at any time between January 2, 1998 and December 31, 2003 at SFO in the position of

Mechanic, Storekeeper, Food Service, Ramp Service, Air Freight, Air Frame and/or Cargo information regarding this Decree and their rights to request to be included in the class; this will be done by mailing a letter containing the text of Exhibit A to this Decree within sixty (60) days from the effective date of this Decree. The EEOC will determine which individuals are properly included in the class and its determination will be final and binding. Within six months of mailing by United of the last of the above letters, the EEOC will provide United with a list of the class members (which includes the names, address, employee file numbers and social security numbers) and the payments, if any, to be made from the bankruptcy estate. Within sixty days of United's receipt of the EEOC's determination of how the Settlement Amount is to be distributed, United's Claims Administrator will distribute the Settlement Amount, less applicable withholdings, to Mr. Chetcuti and the class members in accordance with the directions provided by the EEOC. The Settlement Amount shall be treated and paid as a Class 2E-6 claim in accordance with United's confirmed Second Amended Plan of Reorganization (Second Plan) and will be subject to applicable withholdings. United's Claims Administrator will make this distribution by depositing each payee's amount, or its equivalent as provided by the Second Plan, in an account created for each claimant within sixty (60) days of receiving from the EEOC notice of any payment to be made to a class member. Additional amounts shall be distributed to the class members in the same manner, proportion and timetable as distributions are made, including on the appropriate Periodic Distribution Dates as provided by the Second Plan, to other holders of Class 2E-6 allowed claims. "Applicable withholdings" are the taxes (income tax, FICA, Medicare, etc.) which United is required to withhold from employees' compensation, and which United will convey to the appropriate tax authority for credit to each payee's account; the costs of making and transmitting these withholdings will be borne solely by United. United will also convey to the appropriate tax authority its required employer contribution, such as the employer share of FICA and Medicare; these amounts United will pay in addition to the Settlement Amount.

CONSENT DECREE 5

## POSTING OF NOTICE

7. Within ten (10) business days after the effective date of this Decree, United shall post copies of the Notice attached as Exhibit B to this Decree on the bulletin boards at its San Francisco International Airport Facility, which are usually used by United for communicating with its SFO Mechanics, Storekeepers, or Food Service, Ramp Service, Air Freight, Air Frame, or Cargo employees, and the Notice attached as Exhibit C on the bulletin boards at its other facilities in the United States which are usually used by United for communicating with its Mechanics, Storekeepers, or Food Service, Ramp Service, Air Freight, Air Frame, or Cargo employees. The Notices shall remain posted for two (2) years from the effective date of this Decree. United shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. United shall certify to the EEOC in writing within ten (10) business days after the effective date of the Decree that the Notice has been properly posted. United shall permit a representative of the EEOC to enter United's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours with prior reasonable notice.

## RECORDKEEPING

8. For a period of two (2) years from the effective date of this Decree, United shall maintain all records concerning its implementation of this Decree. United shall also maintain records of complaints made to United of disability discrimination regarding overtime at its SFO Operations. The records shall include United's investigation of such complaints and any response or action taken as a result of the complaints.

## REPORTING

9. United shall furnish to the EEOC the following written reports every six (6) months for a period of two (2) years following the effective date of this Decree and continuing until the expiration of this Decree. The first report shall be due twelve (12) months after the effective date of the Decree. Each such report shall contain:

(a) A summary of the information compiled by United pursuant to Paragraph 9; and

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CONSENT DECREE                6

(b)   A certification by United that the Notice required to be posted pursuant to Paragraph 8 remained posted during the entire six (6) month period preceding the report.

### DISTRIBUTION OF POLICY
### AGAINST DISABILITY DISCRIMINATION

10.   United will redistribute its policy regarding overtime at SFO for employees with disabilities who are assigned to light or limited duty, in the manner it normally distributes its personnel policies and within ninety (90) days of the effective date of this Decree.

### DISPUTE RESOLUTION

11.   In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

### MISCELLANEOUS PROVISIONS

12.   Each party to this Decree shall bear its own expenses and costs. The EEOC and United shall bear their own attorneys' fees.

////
////
////
////
////
////
////
////

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CONSENT DECREE                    7

13. When this Consent Decree requires the submission by United of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: United Airlines ADA Settlement, Equal Employment Opportunity Commission, 350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260, Attn: David Offen-Brown. When this Decree requires submission by the EEOC of materials to United Airlines, they shall be mailed to: Nancy Pritikin, Littler Mendelson, 650 California Street, 20th Floor, San Francisco, CA 94108.

AGREED AND APPROVED FOR:

Date: 2/23/09

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

_____
William R. Tamayo, Regional Attorney

_____
David F. Offen-Brown, Supervisory Trial Attorney

Date: 

UNITED AIRLINES, INC.

_____
~~General Counsel~~
Senior Vice President
General Counsel and Secretary

_____
Deputy General Counsel

IT IS SO ORDERED.

Date: MAR 1 3 2009    _____
JUDGE, U.S. DISTRICT COURT

CONSENT DECREE          8

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

# EXHIBIT A

[EEOC Letterhead]

Re:    EEOC et al v. United Airlines, Inc. Claims

Dear Current or Former United Airlines Employee:

The United States Equal Employment Opportunity Commission (EEOC) wants to know whether you were denied overtime when you were on light or limited duty, and while you had a disability. If you qualify, you will be entitled to a monetary award from United Airlines, Inc. (United).

The EEOC, the federal agency principally responsible for enforcing our nation's federal laws against employment discrimination, has determined that United's overtime guidelines which excluded medically restricted employees from working overtime while they were assigned to light or limited duty violated the ADA with respect to disabled employees (as specially defined by the Americans with Disabilities Act (ADA)). Without admitting liability, United has agreed to compensate such employees for missing overtime they otherwise would have worked at SFO between January 2, 1998 and December 31, 2003. Because this settlement is a compromise and concerns events covered by United's bankruptcy, compensation will be reduced in value. United has also agreed to no longer make a qualified employee with a disability ineligible for overtime work.

To be eligible for this monetary compensation, please fill out the enclosed questionnaire and return it to us in the enclosed envelope no later than [date sixty days after this letter is sent]. If you cannot complete the entire form in that time, please feel free to return it partially completed, or call the undersigned, by [date]. If you do not return it by date, you will not be eligible for this compensation. We will use any information you provide to help determine whether or not you were illegally deprived of overtime, and if so, the extent of your damages and the amount of your award. We will also contact you for further information, so it is very important that you give us your current telephone and email and mailing addresses.

United has agreed to this letter, and United is prohibited by federal law from taking any harmful action against you in retaliation for contacting us or making a claim. If you have any questions or concerns, please feel free to call me at (415) 625-5652. You may also write or email to the above addresses. Thank you.

Sincerely,


David F. Offen-Brown
Supervisory Trial Attorney

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

CONSENT DECREE                                     9

**QUESTIONNAIRE**

United Questionnaire to [name]

1. <u>Instructions</u>: If your answer will not fit in the space provided, please complete your answer on the reverse side of this page or attach additional sheets as needed. **NOTE**: To be eligible for an award, you must meet the ADA definition of "disabled", which is that you were substantially limited in a major life activity such as walking, hearing, seeing, caring for yourself, etc. Temporary disabilities like a broken leg which fully healed do not qualify. Feel free to call David Offen-Brown at (415) 625-5652 if you have any questions.

2. Name:_____  Phone:(___)_____

   Cell phone:(___)_____   Employee File No.:_____

   Address:_____

   Email address:_____ Date of Birth:_____

   Hire date: _____  Social Security No.:_____

3. Jobs you had at United between **January 2, 1998 and December 31, 2003** and the dates you worked in them:

   Job Title:_____
   Dates:_____

   Job Title:_____
   Dates:_____

   Job Title:_____
   Dates:_____

4. Between what dates were you denied overtime because you were on light or limited duty?

5. To qualify for an award, you must meet the ADA definition of "disabled", which is that you were substantially limited in a major life activity such as walking, hearing, seeing, caring for yourself, etc. Temporary disabilities like a sprained ankle do not qualify. Describe below how you were disabled between January 2, 1998 and December 31, 2003. If you have any questions about whether you qualify, please call David Offen-Brown at (415) 625-5652.

_____

_____

_____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CONSENT DECREE                              10

# EXHIBIT B

## NOTICE TO ALL UNITED AIRLINES EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in <u>EEOC v. United Airlines, Inc.</u>, Case No. _____, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against United Airlines ("United"). In its suit, the EEOC alleged that United discriminated against an employee at SFO on the basis of disability by denying overtime eligibility to employees on light or limited duty. This policy was repealed by United and has not been in effect for some time. United denies that it engaged in any unlawful disability discrimination.

To resolve the case, United and the EEOC have entered into a Consent Decree which provides, among other things, that: 1) United will provide monetary damages through the bankruptcy case to the class members, 2) United will not discriminate against any disabled employee at SFO on the basis of disability with respect to overtime eligibility; and 3) United will comply with various reporting and record keeping requirements for two years.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may follow the complaint procedure in United's non-discrimination and anti-harassment policy and you may contact the EEOC at (415) 625-5600. The EEOC charges no fees and has a TTD

number.

## THIS IS AN

## OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: United Airlines Settlement, Equal Employment Opportunity Commission, 350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260, Attn: David Offen-Brown.

_____          _____
Date                                                                    Judge

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CONSENT DECREE                     12

# EXHIBIT C

## NOTICE TO ALL UNITED AIRLINES EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in <u>EEOC v. United Airlines, Inc.</u>, Case No. _____, resolving a lawsuit filed in San Francisco, California by the Equal Employment Opportunity Commission ("EEOC") against United Airlines ("United"). In its suit, the EEOC alleged that United discriminated against an employee at SFO on the basis of disability by denying overtime eligibility to employees on light or limited duty. This policy was repealed by United and has not been in effect for some time. United denies that it engaged in any unlawful disability discrimination.

To resolve the case, United and the EEOC have entered into a Consent Decree which provides, among other things, that: 1) United will provide monetary damages through the bankruptcy case to the class members, all of whom worked at SFO, 2) United will not discriminate against any disabled employee at SFO on the basis of disability with respect to overtime eligibility; and 3) United will comply with various reporting and record keeping requirements for two years.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may follow the complaint procedure in United's non-discrimination and anti-harassment policy and you may contact the EEOC at (866) 408-8075. The EEOC charges no fees and has a TTD

1  number.

## THIS IS AN

## OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: United Airlines Settlement, Equal Employment Opportunity Commission, 350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260, Attn: David Offen-Brown.

_____          _____
Date                              Judge

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CONSENT DECREE                14

# EXHIBIT D

# RELEASE AGREEMENT

I, _____, for and in consideration of the rights granted to me in the Consent Decree entered by the Court in <u>EEOC v. United Airlines, Inc.</u>, Case No. _____ on behalf of myself, my heirs, assigns, executors, and agents, do hereby forever release and discharge United Airlines, Inc. ("United Airlines"), and all past and present parents, subsidiaries, shareholders, officers, agents, employees, and representatives of United Airlines, as well as all successors and assignees of United Airlines, from any and all claims and causes of action concerning denial of the opportunity to work overtime at SFO between January 2, 1998 and December 31, 2003 while I was on light or limited duty which I now have or ever have had under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* as of the date of this Release Agreement, including, as a result of or arising from the subject matter and claims which were or which could have been asserted in <u>EEOC v. United Airlines, Inc.</u>, Case No. ____.

_____    _____
Date                       [name]

Firmwide:87243245.1 010798.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CONSENT DECREE                    15