WILLIAM R. TAMAYO -- 084965 (CA)
DAVID F. OFFEN-BROWN – 063321 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1560
Telephone:   (415) 625-5652
Facsimile:   (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

*E-filing*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*CW*
*EMC*

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

   Plaintiff,

   v.

UNITED AIRLINES, INC.,

   Defendant.

Civil Action

CV 09    0784

*Amended*

[PROPOSED] **CONSENT DECREE**

**FILED**

MAR 1 7 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## THE LITIGATION

   Plaintiff Equal Employment Opportunity Commission (the "EEOC" or "Commission") filed this action alleging that Defendant United Airlines, Inc. ("United") violated Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq. The EEOC seeks relief for a class of employees employed at San Francisco International Airport ("SFO"). The EEOC claims that United's former policy of denying overtime to employees on light or limited duty violated the ADA and injured a group of employees, and further alleges that not allowing Charging Party Samuel Chetcuti to be eligible for overtime was improper under the ADA. United denies that its policy or any of its actions were in any way improper or discriminatory.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

CONSENT DECREE

1    In the interest of resolving this matter, and as a result of comprehensive

2    settlement negotiations, the parties have agreed that this action should be finally resolved by

3    entry of this Consent Decree.  This Consent Decree fully and finally resolves any and all

4    issues and claims arising out of the Charge of Discrimination filed by Mr. Chetcuti and the

5    Complaint filed by the EEOC.

6    This Decree does not, however, resolve or affect any future charges or charges

7    that may be pending with the Commission other than the Charge of Discrimination

8    specifically referred to in this paragraph.  This Decree binds the parties, Mr. Chetcuti, and

9    their present and future representatives, successors, agents, directors, officers, and assigns.

10   United's agreement to, and compliance with, this Decree shall not be construed as an

11   admission by United of any liability whatsoever, or as an admission by United of any

12   violation of the rights of any other party, class member, or individual, or violation of any

13   order, law, statute, duty, or contract whatsoever.  On December 9, 2002, United and several

14   affiliated companies filed petitions for relief pursuant to Chapter 11 of Title II of the United

15   States Code (the "Bankruptcy Code").  These cases are being jointly administered under

16   Case No. 02-48191 through 02-48218 (UAL CORPORATION, *et al.*) (the "Bankruptcy

17   Case"), before the Honorable Judge Eugene R. Wedoff in the Bankruptcy Court in the

18   Northern District of Illinois (the "Bankruptcy Court").    Pursuant to Article VIII.B of the

19   Plan, the Reorganized Debtors have the exclusive authority to settle proofs of claims without

20   further notice to or action, order or approval of the Bankruptcy Court.  Therefore, this Decree

21   may become binding and enforceable upon full execution by the Parties.

## FINDINGS

23   Having carefully examined the terms and provisions of this Decree, and based

24   on the pleadings, records and stipulations of the parties, the Court finds the following:

25   A.    This Court has jurisdiction of the subject matter of this action and of the

26   parties.

27   B.    The terms of this Decree are adequate, fair and reasonable.  The rights

28   of the parties and the public interest are adequately protected by this Decree.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CONSENT DECREE                                        2

C.   This Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights and privileges of any person.  The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, the Charging Party, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## DURATION OF DECREE AND RETENTION OF JURISDICTION

1.    Unless otherwise noted, all provisions of this Decree shall be in effect (and the Court shall retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years, beginning on the date this decree is filed (hereinafter the "effective date"), provided, however, that on or before the end of the two (2) years period, a party may move the Court to extend the term of the Decree to the extent necessary to address any unfinished matter covered by the Decree.  Except as extended by the Court for this purpose, the Decree shall expire at the end of the two (2) years period.

## PROHIBITION AGAINST DISABILITY DISCRIMINATION

2.    For a period of two (2) years following the effective date of this Decree, United and its officers, agents, management (including supervisory employees), successors, assigns, and all persons acting in concert with them shall not discriminate against United employees at SFO on the basis of disability regarding eligibility for overtime, as provided in this Decree.

3.    The parties acknowledge that the policy that gave rise to this matter is no longer in effect.  During the period of two (2) years following the effective date of this Decree, except as otherwise provided herein, United shall not adopt or enforce any policy at SFO that makes a qualified employee with a disability ineligible for overtime work.  Nothing in this decree shall prevent United from limiting overtime eligibility on reasonable individual bases for employees with disabilities who are working limited or light duty assignments. Nothing in this Decree shall be construed to require United to violate the terms of any collective bargaining agreement (CBA) as such agreement pertains to overtime assignments.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

CONSENT DECREE                                 3

## SETTLEMENT OF CLAIM

4.   For the purposes of this Decree, "class member" means any current or former employee of United who was employed between January 2, 1998 and December 31, 2003 at SFO and can demonstrate that he or she was "disabled" within the meaning of the ADA, the restrictions on his or her ability to perform assigned duties for United did not preclude the employee from working overtime, and who was available to work overtime but denied available overtime during the period in which, and because of, United's former policy denying overtime to employees on light or limited duty was in effect.  Class members shall be those individuals who submit claims pursuant to this Consent Decree and who sign releases of ADA claims in the form of Exhibit D to this Decree.

5.   United agrees to allow Mr. Chetcuti and the class members a general noncontingent unsecured pre-petition claim against its bankruptcy estate in the amount of $850,000.00 ("Settlement Amount") representing monetary damages to Mr. Chetcuti and the class members.  No post-petition claims are permitted for any purpose.  The EEOC shall determine the share of the Settlement Amount  assigned to each claim.  The Settlement Amount shall be reasonably distributed pro rata among the claims, with each claim receiving the percent of the Settlement Amount which represents the claim's percent of the total of all claim amounts.  United agrees that this sum represents an allowed, general, unsecured pre-petition claim against its bankruptcy estate.  Such claims shall be administered, satisfied and discharged in accordance with the terms and conditions of the plan of reorganization that is confirmed in the Bankruptcy Case, and pursuant to the provisions and requirements of the Bankruptcy Code.  Such claim shall not enjoy any type of statutory or administrative priority over any other general, unsecured, pre-petition claim in the Bankruptcy Case.  Further, upon distribution of the Settlement Amount, United Airlines will direct its official Notice and Claims Agent to expunge the EEOC's Proof of Claims filed on Mr. Checuti's  behalf (identified in the Bankruptcy case as Claims No. 39798 and Claim No. 43293).

6.   United agrees to mail to all current and former employees employed at any time between January 2, 1998 and December 31, 2003 at SFO in the position of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

CONSENT DECREE                    4

1  Mechanic, Storekeeper, Food Service, Ramp Service, Air Freight, Air Frame and/or Cargo

2  information regarding this Decree and their rights to request to be included in the class; this

3  will be done by mailing a letter containing the text of Exhibit A to this Decree within sixty

4  (60) days from the effective date of this Decree. The EEOC will determine which

5  individuals are properly included in the class and its determination will be final and binding.

6  Within six months of mailing by United of the last of the above letters, the EEOC will

7  provide United with a list of the class members (which includes the names, address,

8  employee file numbers and social security numbers) and the payments, if any, to be made

9  from the bankruptcy estate. Within sixty days of United's receipt of the EEOC's

10  determination of how the Settlement Amount is to be distributed, United's Claims

11  Administrator will distribute the Settlement Amount, less applicable withholdings, to Mr.

12  Chetcuti and the class members in accordance with the directions provided by the EEOC.

13  The Settlement Amount shall be treated and paid as a Class 2E-6 claim in accordance with

14  United's confirmed Second Amended Plan of Reorganization (Second Plan) and will be

15  subject to applicable withholdings. United's Claims Administrator will make this distribution

16  by depositing each payee's amount, or its equivalent as provided by the Second Plan, in an

17  account created for each claimant within sixty (60) days of receiving from the EEOC notice

18  of any payment to be made to a class member. Additional amounts shall be distributed to the

19  class members in the same manner, proportion and timetable as distributions are made,

20  including on the appropriate Periodic Distribution Dates as provided by the Second Plan, to

21  other holders of Class 2E-6 allowed claims. "Applicable withholdings" are the taxes

22  (income tax, FICA, Medicare, etc.) which United is required to withhold from employees'

23  compensation, and which United will convey to the appropriate tax authority for credit to

24  each payee's account; the costs of making and transmitting these withholdings will be borne

25  solely by United. United will also convey to the appropriate tax authority its required

26  employer contribution, such as the employer share of FICA and Medicare; these amounts

27  United will pay in addition to the Settlement Amount.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

CONSENT DECREE                    5

### POSTING OF NOTICE

7.     Within ten (10) business days after the effective date of this Decree, United shall post copies of the Notice attached as Exhibit B to this Decree on the bulletin boards at its San Francisco International Airport Facility, which are usually used by United for communicating with its SFO Mechanics, Storekeepers, or Food Service, Ramp Service, Air Freight, Air Frame, or Cargo employees, and the Notice attached as Exhibit C on the bulletin boards at its other facilities in the United States which are usually used by United for communicating with its Mechanics, Storekeepers, or Food Service, Ramp Service, Air Freight, Air Frame, or Cargo employees.  The Notices shall remain posted for two (2) years from the effective date of this Decree. United shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.  United shall certify to the EEOC in writing within ten (10) business days after the effective date of the Decree that the Notice has been properly posted.  United shall permit a representative of the EEOC to enter United's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours with prior reasonable notice.

### RECORDKEEPING

8.     For a period of two (2) years from the effective date of this Decree, United shall maintain all records concerning its implementation of this Decree.  United shall also maintain records of complaints made to United of disability discrimination regarding overtime at its SFO Operations.  The records shall include United's investigation of such complaints and any response or action taken as a result of the complaints.

### REPORTING

9.     United shall furnish to the EEOC the following written reports every six (6) months for a period of two (2) years following the effective date of this Decree and continuing until the expiration of this Decree.  The first report shall be due twelve (12) months after the effective date of the Decree. Each such report shall contain:

(a)     A summary of the information compiled by United pursuant to Paragraph 9; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

CONSENT DECREE                          6

1    (b)    A certification by United that the Notice required to be posted pursuant

2  to Paragraph 8 remained posted during the entire six (6) month period preceding the report.

3                              **DISTRIBUTION OF POLICY**

4                      **AGAINST DISABILITY DISCRIMINATION**

5    10.    United will redistribute its policy regarding overtime at SFO for

6  employees with disabilities who are assigned to light or limited duty, in the manner it

7  normally distributes its personnel policies and within ninety (90) days of the effective date of

8  this Decree.

9                              **DISPUTE RESOLUTION**

10    11.    In the event that either party to this Decree believes that the other party

11  has failed to comply with any provision(s) of the Decree, the complaining party shall notify

12  the other party of the alleged non-compliance and shall afford the alleged non-complying

13  party ten (10) business days to remedy the non-compliance or to satisfy the complaining

14  party that the alleged non-complying party has complied.  If the alleged non-complying party

15  has not remedied the alleged non-compliance or satisfied the complaining party that it has

16  complied within ten (10) business days, the complaining party may apply to the Court for

17  appropriate relief.

18                          **MISCELLANEOUS PROVISIONS**

19    12.    Each party to this Decree shall bear its own expenses and costs.  The

20  EEOC and United shall bear their own attorneys' fees.

21  / / / /

22  / / / /

23  / / / /

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

CONSENT DECREE                                    7

1    13.     When this Consent Decree requires the submission by United of reports,

2    certifications, notices, or other materials to the EEOC, they shall be mailed to: United

3    Airlines ADA Settlement, Equal Employment Opportunity Commission, 350 The

4    Embarcadero, Suite 500, San Francisco, CA 94105-1260, Attn: David Offen-Brown. When

5    this Decree requires submission by the EEOC of materials to United Airlines, they shall be

6    mailed to:    Nancy Pritikin, Littler Mendelson, 650 California Street, 20th Floor, San

7    Francisco, CA 94108.

             AGREED AND APPROVED FOR:

8

9

10                                           EQUAL   EMPLOYMENT   OPPORTUNITY
                                             COMMISSION
11

12   Date: 2|23|09
                                             _____
13                                           William R. Tamayo, Regional Attorney

14
                                             _____
15                                           David  F.  Offen-Brown,  Supervisory  Trial
                                             Attorney
16

17                                           UNITED AIRLINES, INC.

18   Date:
                                             _____
19                                           General Counsel
                                             Senior Vice President
20                                           General Counsel and Secretary

21                                           _____
                                             Deputy General Counsel
22

23

24   IT IS SO ORDERED.

25

26   Date: MAR 1 3 2009                      _____
                    , 2009
27                                           JUDGE, U.S. DISTRICT COURT

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2603
415.433.1940

CONSENT DECREE                            8

**EXHIBIT A**

[EEOC Letterhead]

Re:    EEOC et al v. United Airlines, Inc. Claims

Dear Current or Former United Airlines Employee:

The United States Equal Employment Opportunity Commission (EEOC) wants to know whether you were denied overtime when you were on light or limited duty, and while you had a disability. If you qualify, you will be entitled to a monetary award from United Airlines, Inc. (United).

The EEOC, the federal agency principally responsible for enforcing our nation's federal laws against employment discrimination, has determined that United's overtime guidelines which excluded medically restricted employees from working overtime while they were assigned to light or limited duty violated the ADA with respect to disabled employees (as specially defined by the Americans with Disabilities Act (ADA)). Without admitting liability, United has agreed to compensate such employees for missing overtime they otherwise would have worked at SFO between January 2, 1998 and December 31, 2003. Because this settlement is a compromise and concerns events covered by United's bankruptcy, compensation will be reduced in value. United has also agreed to no longer make a qualified employee with a disability ineligible for overtime work.

To be eligible for this monetary compensation, please fill out the enclosed questionnaire and return it to us in the enclosed envelope no later than [date sixty days after this letter is sent]. If you cannot complete the entire form in that time, please feel free to return it partially completed, or call the undersigned, by [date]. If you do not return it by date, you will not be eligible for this compensation. We will use any information you provide to help determine whether or not you were illegally deprived of overtime, and if so, the extent of your damages and the amount of your award. We will also contact you for further information, so it is very important that you give us your current telephone and email and mailing addresses.

United has agreed to this letter, and United is prohibited by federal law from taking any harmful action against you in retaliation for contacting us or making a claim. If you have any questions or concerns, please feel free to call me at (415) 625-5652. You may also write or email to the above addresses. Thank you.

Sincerely,


David F. Offen-Brown
Supervisory Trial Attorney

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

CONSENT DECREE                                    9

# QUESTIONNAIRE

## United Questionnaire to [name]

1. <u>Instructions</u>: If your answer will not fit in the space provided, please complete your answer on the reverse side of this page or attach additional sheets as needed. **NOTE**: To be eligible for an award, you must meet the ADA definition of "disabled", which is that you were substantially limited in a major life activity such as walking, hearing, seeing, caring for yourself, etc. Temporary disabilities like a broken leg which fully healed do not qualify. Feel free to call David Offen-Brown at (415) 625-5652 if you have any questions.

2. Name:_____ Phone:(___)_____

   Cell phone:(___)_____ Employee File No.:_____

   Address:_____
   __

   Email address:_____Date of Birth:_____

   Hire date: _____ Social Security No.:
   _____

3. Jobs you had at United between **January 2, 1998 and December 31, 2003** and the dates you worked in them:

   Job Title:_____
   Dates:_____

   Job Title:_____
   Dates:_____

   Job Title:_____
   Dates:_____

4. Between what dates were you denied overtime because you were on light or limited duty?

5. To qualify for an award, you must meet the ADA definition of "disabled", which is that you were substantially limited in a major life activity such as walking, hearing, seeing, caring for yourself, etc. Temporary disabilities like a sprained ankle do not qualify. Describe below how you were disabled between January 2, 1998 and December 31, 2003. If you have any questions about whether you qualify, please call David Offen-Brown at (415) 625-5652.

   _____

   _____

   _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

**CONSENT DECREE**

## EXHIBIT B

## NOTICE TO ALL UNITED AIRLINES EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. United Airlines, Inc., Case No. _____, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against United Airlines ("United"). In its suit, the EEOC alleged that United discriminated against an employee at SFO on the basis of disability by denying overtime eligibility to employees on light or limited duty. This policy was repealed by United and has not been in effect for some time. United denies that it engaged in any unlawful disability discrimination.

To resolve the case, United and the EEOC have entered into a Consent Decree which provides, among other things, that: 1) United will provide monetary damages through the bankruptcy case to the class members, 2) United will not discriminate against any disabled employee at SFO on the basis of disability with respect to overtime eligibility; and 3) United will comply with various reporting and record keeping requirements for two years.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may follow the complaint procedure in United's non-discrimination and anti-harassment policy and you may contact the EEOC at (415) 625-5600. The EEOC charges no fees and has a TTD

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

**CONSENT DECREE**                                    11

number.

## THIS IS AN

### OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to:  United Airlines Settlement, Equal Employment Opportunity Commission, 350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260, Attn: David Offen-Brown.

MAR 1 3 2009
_____
Date

_____
Judge

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

# EXHIBIT C

## NOTICE TO ALL UNITED AIRLINES EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in <u>EEOC v. United Airlines, Inc.</u>, Case No. 09-0784CW resolving a lawsuit filed in San Francisco, California by the Equal Employment Opportunity Commission ("EEOC") against United Airlines ("United"). In its suit, the EEOC alleged that United discriminated against an employee at SFO on the basis of disability by denying overtime eligibility to employees on light or limited duty. This policy was repealed by United and has not been in effect for some time. United denies that it engaged in any unlawful disability discrimination.

To resolve the case, United and the EEOC have entered into a Consent Decree which provides, among other things, that: 1) United will provide monetary damages through the bankruptcy case to the class members, all of whom worked at SFO, 2) United will not discriminate against any disabled employee at SFO on the basis of disability with respect to overtime eligibility; and 3) United will comply with various reporting and record keeping requirements for two years.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may follow the complaint procedure in United's non-discrimination and anti-harassment policy and you may contact the EEOC at (866) 408-8075. The EEOC charges no fees and has a TTD

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

CONSENT DECREE 13

number.

## THIS IS AN

## OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: United Airlines Settlement, Equal Employment Opportunity Commission, 350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260, Attn: David Offen-Brown.

MAR 1 3 2009
_____          _____
Date                                              Judge

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

**CONSENT DECREE**                                    14

1

2

3

### EXHIBIT D

### RELEASE AGREEMENT

4      I, _____, for and in consideration of the rights granted to me in the Consent
Decree entered by the Court in <u>EEOC v. United Airlines, Inc.</u>, Case No. _____ on behalf of
5   myself, my heirs, assigns, executors, and agents, do hereby forever release and discharge
United Airlines, Inc. ("United Airlines"), and all past and present parents, subsidiaries,
6   shareholders, officers, agents, employees, and representatives of United Airlines, as well as
all successors and assignees of United Airlines, from any and all claims and causes of action
7   concerning denial of the opportunity to work overtime at SFO between January 2, 1998 and
December 31, 2003 while I was on light or limited duty which I now have or ever have had
8   under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* as of the date
of this Release Agreement, including, as a result of or arising from the subject matter and
9   claims which were or which could have been asserted in <u>EEOC v. United Airlines, Inc.</u>, Case
No. ____.

10

11

12   _____          _____
      Date                                [name]

13   Firmwide:87243245.1 010798.1000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**CONSENT DECREE**                         15